[No. 15882.  Department One.  June 29, 1920.]

SKAGIT MILL COMPANY, *Appellant,* v. GREAT NORTHERN RAILWAY COMPANY, *Respondent.*[1]

RAILROADS (13)—CONSTRUCTION OF SPUR TRACK—CONTRACTS—OVER PAYMENT. Notwithstanding Rem. Code, § 8628-13, requiring railroads to provide shippers with spur tracks at cost, when reasonably practicable, necessary, and safe, an agreement by a railroad to construct temporary spur tracks for a mill company at a certain price to be paid in advance, is binding as the voluntary contract of the mill company, which cannot recover the sums paid in excess of the cost, where it does not appear that the contract was not voluntary or the price agreed upon a fair bona fide estimate of the cost.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 13, 1919, upon sustaining a demurrer to the complaint, dismissing an action for money received.  Affirmed.

*E. C. Million,* for appellant.

*F. V. Brown, Thomas Balmer,* and *A. J. Laughon,* for respondent.

MITCHELL, J.—This action was instituted to recover $327.17 as money had and received by the defendant, alleged overpayment for the construction by the defendant of three spur tracks under agreement between the parties.  Plaintiff has appealed from a judgment sustaining a general demurrer to the second amended complaint, and a dismissal of the action upon the refusal of the plaintiff to plead over.

The complaint alleges that, for ten years, the appellant had been the owner of and operating a sawmill on respondent's line of railroad, and made application to the respondent for the construction on the latter's

[1]Reported in 190 Pac. 901.

property of side tracks or switch connections with its railway to enable the mill company to load logs it was cutting nearby on the railroad for shipment to the mill; that respondent required pay in advance and that appellant sign, as it did sign, a written contract which, among other things, provided that the appellant should pay in advance an amount stated as to each spur track as the agreed value of the material required (excepting ties), cost of labor, engineering and supervision, which were to be furnished by respondent; that the actual cost of putting in the three spur tracks was $327.17 less than the contract price, which excess was so had and received by the respondent without consideration; and that its business necessities would not permit of delay, but compelled it to enter into the contract and make the payments provided therein.

It is appellant's contention that, notwithstanding its contract, it is entitled to recover the difference between the contract price and the actual cost of constructing the spur track, by virtue of the provisions of the public service commission law and the case of *State ex rel. Chicago, M. & P. S. R. Co. v. Public Service Commission*, 77 Wash. 529, 137 Pac. 1057, Ann. Cas. 1915D 202, L. R. A. 1918B 786. Upon this subject, § 8626-13, Rem. Code, provides that a railroad company shall, upon the application of any shipper, provide upon its own property a side track and switch connection with its line of railway, whenever such a side track and switch connection is reasonably practicable and can be put in with safety, and the business therefor is sufficient to justify the same. Section 8626-62 of the code provides that, whenever the commission shall find, after a hearing had, that application has been made by any shipper for the installation of a side track upon the property of such railroad, that the same is reasonably practicable, can be put in

with reasonable safety, and the business therefor is sufficient to justify the same, and that the railroad company has refused to install the same, the commission shall enter an order requiring the construction of a spur track, provided the shipper so to be served shall pay the legitimate cost and expense of the construction as shall be determined in separate items by the commission, and before the railroad company shall be compelled to incur any cost in connection therewith, the same shall be secured to the railroad company in such manner as the commission shall require.

These two sections of the law were before this court in the case of *State ex rel. Chicago, M. & P. S. R. Co. v. Public Service Commission, supra.* It was a case in which an appeal had been taken to the courts from the order made by the public service commission requiring the railroad company to construct a spur track. The principal questions presented by the railroad company in that case were (1) that a sufficient demand for the service had not been made by the shipper upon the railroad company and refused by it prior to complaint to the commission; (2) that the enforcement of the statute violated the due process of law clauses of the state and Federal constitutions; and (3) that the construction of the spur ordered would constitute an interference with interstate commerce, and hence the order was void. In resolving all three contentions against the railroad company, it was said a railroad company could be lawfully required, after a hearing on notice as to the reasonableness of the application, to build upon its own right of way, at the entire but least expense of the applicant, a spur track to provide the means indispensable to a participation in the public service, whenever such means do not unreasonably interfere with the general service or opera-

tion of the public utility, and whenever such means so provided are open to the use of the public on equal terms.

But we find nothing in that case or the statutes which authorizes the claim that the complaint here states a cause of action. It appears that the three spur tracks built, one after another, were only for the temporary use of the appellant. As between themselves, the parties may make a contract in such cases, and neither the policy of the law nor good morals is violated by the requirement of payment in advance. Manifestly the exact cost and expense of such construction could not be calculated beforehand, if at all, with mathematical certainty, and there is no allegation in the complaint that the respondent attempted to take any advantage of the appellant on account of the urgency of the mill business, or that it was aware of any urgency therein. For aught that appears in the complaint, the agreement was entirely voluntary. There is no allegation that the price agreed upon was not a fair and *bona fide* estimate of the cost and expense of each spur track at the time the agreement was made; it only being stated that it cost the respondent less to construct it, without alleging when the construction took place or that values continued the same. In view of possible changes from time to time in the market prices of labor and material, the difference between the alleged cost price and that agreed upon does not suggest fraud on the part of the respondent, and, indeed, none is charged. The contract conferred rights and imposed obligations upon both parties. It expressed the valuation agreed to by both parties. It was an executory contract, and, no doubt, had labor and material advanced in price before the construction was completed, respondent nevertheless could have

been held to the price fixed in the contract, and we are satisfied that the appellant was likewise bound.

Judgment affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.